UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT GILMORE,

        Plaintiff,                               Civil Action No. 10-cv-14204

    v.                                  District Judge Nancy G. Edmunds
                                                  Magistrate Judge Laurie J. Michelson

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**
**TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [16]**

Plaintiff Lamont Gilmore brings this action pursuant to 42 U.S.C. § 405(g) challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under the Social Security Act. Plaintiff did not file a summary judgment motion. Defendant filed a summary judgment motion, which is presently before this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkts. 2, 13.)

**I. RECOMMENDATION**

For the reasons set forth below, this Court finds that substantial evidence supports the Administrative Law Judge's decision. Accordingly, this Court RECOMMENDS that Defendant's Motion for Summary Judgment be GRANTED, and that, pursuant to 42 U.S.C. § 405(g), the decision of the Commissioner be AFFIRMED.

## II. REPORT

### A. Procedural History

Plaintiff filed an application for disability on September 12, 2007, alleging that he became unable to work on September 1, 2006. (Tr. 95.) The Commissioner initially denied Plaintiff's disability application on May 13, 2008. (Tr. 77.) Plaintiff then filed a request for a hearing, and on September 15, 2009, he appeared with counsel before Administrative Law Judge ("ALJ") Paul Armstrong, who considered the case de novo. (Tr. 6-32.) In a September 25, 2009 decision, the ALJ found that Plaintiff was not disabled. (Tr. 35-45.) The ALJ's decision became the final decision of the Commissioner on August 24, 2010 when the Appeals Council denied Plaintiff's request for review. (Tr. 1-3.) Plaintiff filed this *pro se* suit on October 20, 2010.

### B. Background

Plaintiff was thirty-seven years old at the time of his alleged onset date and thirty-nine years old at the time of the ALJ's decision. (Tr. 44, 95.) Plaintiff has less than a high school education, and has past relevant work as an assembler and spray painter. (Tr. 22, 28-28, 123,126-27, 188.)

*1. Plaintiff's Testimony*

At the September 15, 2009 hearing before the ALJ, Plaintiff testified regarding his diabetes and sarcoidosis.[1] (Tr. 15-29.) He attested to having a lymph node biopsy and being diagnosed with sarcoidosis in 2007. (Tr. 17.) He stated that the sarcoidosis and diabetes have limited his activities.

---

[1] Sarcoidosis is a disease in which abnormal collections of chronic inflammatory cells (granulomas) form as nodules in different organs. Dorland's Illustrated Medical Dictionary (31st ed. 2007). It does not always cause symptoms or lasting damage. (Dkt. 16, Def.'s Mot. Summ. J. at 4.)

(Tr. 18-29.) Specifically, he gets extremely fatigued when he tries to walk. (Tr. 20.) He also testified that his legs ache constantly. (Tr. 21.) He further testified to having trouble with his sinuses from the previous biopsy, and blurry vision. (Tr. 23.)

### 2. *Medical Evidence*

Plaintiff's medical evidence shows a history of back issues from August of 2006 through July of 2007. (Tr. 190-228, 260-75, 239-59.) In October 2007, Plaintiff had a bone marrow biopsy and was diagnosed with sarcoidosis. (Tr. 268.) This sarcoidosis exacerbated his lower back problems. (Tr. 321-23.)

In February 2008, Plaintiff went to the hospital due to blurry vision, weakness in his legs and chest pains. (Tr. 288-91.) Physicians diagnosed Plaintiff with new-onset diabetes. (*Id*. at 19.) He had a blood sugar level of 933. (*Id*.) The hospital discharged him with medications for diabetes, and noted that his sarcoidosis symptoms were under control. (*Id*.)

In April 2008, Plaintiff went to the hospital again with blurry vision, and foot and leg pain. (Tr. 326-28.) Doctors diagnosed him with an acute exacerbation of his chronic pain secondary to sarcoidosis. (*Id*.)

Dr. Muhammad Mian, a State Disability Examiner, reviewed Plaintiff's records in May 2008, and concluded that Plaintiff was capable of light exertional work with some postural limitations. (Tr. 307-14.)

Examinations in 2009 revealed that Plaintiff's musculoskeletal system was normal and he ambulated without difficulty. (Tr. 322.)

### 3. *Vocational Expert's Testimony*

Vocational Expert ("VE") Luann Castellana testified at the hearing. (Tr. 26.) The ALJ

asked the VE to classify Plaintiff's past work by exertion and skill level. (Tr. 28.) The VE classified it as unskilled work at the medium exertion level. (Tr. 28-29.) The ALJ also asked the VE to testify about a "hypothetical individual limited to [unskilled work with] light exertional abilities with no concentrated exposure to heat . . . . [n]o work at unprotected heights, around dangerous, moving machinery, open flames, [or] bodies of water." (Tr. 30.) The VE testified that such an individual could not perform Plaintiff's past work. (Tr. 30.) However, she also testified that there was other work in the regional or national economy that such an individual could perform, including janitorial and cleaning jobs, some assembly jobs, inspecting/sorting jobs and packaging jobs. (Tr.30.) Each category of work had about 5,000 jobs in the regional or national economy. (*Id*.) The ALJ asked the VE to further limit the individual to sedentary work. (Tr. 31.) The VE testified that there would still be the following jobs available: 1,500 surveillance jobs, 1,500 inspecting or sorting jobs, 2,000 assembly jobs, 1,500 packaging jobs and 1,500 machine tending jobs. (*Id*.)

### C. Framework for Disability Determinations

Under the Social Security Act (the "Act"), Disability Insurance Benefits (for qualifying wage earners who become disabled prior to expiration of their insured status) "are available only for those who have a 'disability.'" *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability," in relevant part, as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the

application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*See* 20 C.F.R. §§ 404.1520, 416.920; *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps . . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### D. The Administrative Law Judge's Findings

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 12, 2007. (Tr. 40.) At step two, the ALJ found that Plaintiff had the following severe impairments: diabetes and sarcoidosis. (Tr. 40.) Next, the ALJ concluded that none of these impairments, alone or in combination, met or medically equaled a listed impairment. (Tr. 40.) Between steps three and four, the ALJ determined that Plaintiff had the residual functional capacity to perform "light work as defined by 20 C.F.R. § 416.967(b) except limited to simple, unskilled light

work" restricting any "work at unprotected heights, around dangerous moving machinery, open flames or bodies of water." (Tr. 41.) At step four, the ALJ found that Plaintiff could not perform any of his past relevant work. (Tr. 44.) At step five, the ALJ found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id.*)

### E. Standard of Review

This Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks omitted); *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647 (6th Cir. 2009) ("[I]f an agency has failed to adhere to its own procedures, we will not remand for further administrative proceedings unless the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." (internal quotation marks omitted)). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks omitted). In deciding whether substantial evidence supports the ALJ's decision, this Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

When reviewing the Commissioner's factual findings for substantial evidence, this Court is

limited to an examination of the record and must consider that record as a whole. *Bass*, 499 F.3d at 512-13; *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The Court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston*, 245 F.3d at 535. There is no requirement, however, that either the ALJ or this Court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." (internal quotation marks omitted)). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts" (internal quotation marks omitted)).

**F. Substantial Evidence Supports the Administrative Law Judge's Decision**

Plaintiff fails to bring any arguments to challenge the ALJ's decision. The Defendant argues that "[t]he ALJ's decision was legally sound and well-supported by substantial evidence." (Dkt. 16, Def.'s Mot. Summ. J. at 10.)

The ALJ's written decision reveals that he properly applied the above-detailed five step analysis and supported his findings at each step with "relevant evidence [that] a reasonable mind might accept as adequate to support" his conclusions. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks omitted).

Specifically, with regard to step three[2], the ALJ analyzed listings 9.08 (diabetes mellitus), 14.09 (inflammatory arthritis) and 1.04 (musculoskeletal disorders of the spine) with regard to Plaintiff's physical impairments, and determined that Plaintiff's impairments did not meet the requirements of these listings. (Tr. 40-41.)

In addition, the ALJ carefully considered the entire record in determining his RFC. (Tr. 41-44.) In doing so, the ALJ gave "substantial weight" to Dr. Muhammad Mian – the State Disability Medical Examiner. (Tr. 43.) Dr. Milan examined Plaintiff in May 2008. (*Id*.) Dr. Milan restricted Plaintiff to a limited range of light work. (Tr. 12.) While the ALJ accepted this restriction, he reasonably found "that the claimant [did] not have the non-exertional limitations identified by Dr. Mian." (Tr. 43.) These non-exertional limitations restricted Plaintiff to only occasionally performing most postural activities due to skeletal pain that caused a limited range of motion and the need for an ambulatory aid. (Tr. 309.) The ALJ gave a reasonable explanation for discounting these limitations: "recent medical records revealed that the claimant no longer had limited range of motion in his extremities and was able to ambulate without difficulty." (Tr.43.) Thus, the ALJ limited Plaintiff to simple, unskilled work at a light exertion level. (*Id*.) In addition, the ALJ took into account Plaintiff's testimony and records regarding his blurred vision, and resulting dizziness, by prohibiting him from performing work "around hazards such as unprotected heights, dangerous moving machinery, open flames or bodies of water." (*Id*.) This analysis was reasonable and within the ALJ's "zone of choice" with regard to this Plaintiff.

Last, the ALJ properly relied on the testimony of a Vocational Expert in determining that

---

[2] This Court does not address the first two steps since the ALJ found in Plaintiff's favor on those steps. (Tr. 40.)

8

there were jobs in the regional and national economy that Plaintiff could perform. (Tr. 44-45.) *Varley v. Sec'y of Health & Human Servs*, 820 F.2d 777, 779 (6th Cir. 1987) ("Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question . . . if the question accurately portrays [the] plaintiff's individual physical and mental impairments.") (internal citations omitted); *see also Webb v. Comm'r of Soc. Sec*., 368 F.3d 629, 632 (6th Cir. 2004).

Applying this law to this case, the ALJ's RFC with regard to Plaintiff was accurate and supported by substantial evidence. Therefore, the ALJ could reasonable rely on the VE's response to his hypothetical question. Accordingly, the ALJ's ultimate finding of "not disabled" is supported by substantial evidence.

### G. Conclusion

For the reasons set forth above, this Court finds that substantial evidence supports the ALJ's decision. Accordingly, this Court RECOMMENDS that Defendant's Motion for Summary Judgment be GRANTED, and that, pursuant to 42 U.S.C. § 405(g), the decision of the Commissioner be AFFIRMED.

## III. FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and

Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

Date:  October 12, 2011                             s/Laurie J. Michelson
                                                    Laurie J. Michelson
                                                    United States Magistrate Judge


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 12, 2011.

                                                    s/Jane Johnson
                                                    Deputy Clerk